Sawinder SINGH, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–6232–AG.

United States Court of Appeals, Second Circuit.

May 25, 2006.

Sawinder Singh, Richmond Hill, New York, for Petitioner, pro se.

Peter Keisler, Assistant Attorney General, Civil Division, Thomas E. Johnston, United States Attorney for the District of West Virginia, Alan G. McGonigal, Assistant United States Attorney, Wheeling, West Virginia, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Sawinder Singh, *pro se*, petitions for review of the November 2004 BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

Here, the BIA did not abuse its discretion in denying Singh's motion because he failed to offer material evidence that was not previously available, or to establish a prima facie case for relief. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The IJ found that Singh was firmly resettled in Germany, after he admitted that he lived there for five years, and received housing and work authorization from the government, and failed to submit any evidence to substantiate his claim that his German asylum application was ultimately denied, despite being given three continuances for this express purpose. Singh submitted with his motion a letter from the German office of refugee acknowledgment that appeared to be a negative response to an inquiry about his file, but the translation of the letter was awkward and accompanied by a disclaimer that its accuracy could not be guaranteed. The BIA reasonably found this document to be insufficiently reliable or probative to rebut the IJ's finding of firm resettlement, particularly when Singh had been given so many opportunities to present evidence previously. Finally, the BIA rationally concluded that, even if Singh had successfully challenged this finding, he failed to present any evidence or argument to challenge the IJ's adverse credibility finding, which independently prevented him from establishing a prima facie case for relief. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904; *Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).